UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MYCAL L. ASHBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-cv-190 ) |
| WARRICK COUNTY SCHOOL CORP., | ) ) |
| Defendant. | ) JURY TRIAL REQUESTED ) |

**Complaint for Damages**

**Introduction**

1.     For at least the last two years Loge Elementary School, one of the schools operated by the Warrick County School Corporation, has not held its Christmas Program for its choir at the school, but has instead held it at a local museum that because of stairs is not accessible to persons with physical disabilities and mobility impairments.  Consequently, Mycal L. Ashby, a person with a disability who is confined to a wheelchair and is the mother of student who was performing in the Christmas Program, was not able to attend the program in 2014 and 2015. She was unable to attend because the defendant failed to make reasonable accommodations to persons with disabilities in violation of both Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 701, *et seq.* Given that this discrimination was intentional she is entitled to her damages.

**Jurisdiction, venue, and cause of action**

2.     This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. § 2201 and § 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to the Rehabilitation Act, 29 U.S.C. § 794a(a)(2) and the Americans with Disabilities Act, 42 U.S.C.§ 12133.

**Parties**

6. Mycal L. Ashby is an adult resident of Warrick County, Indiana.

7. The Warrick County School Corporation is the public school corporation operating numerous public schools in Warrick County, including Loge Elementary School.

**Factual allegations**

8. Mycal L. Ashby is a person with a disability.  Because of her disability she is confined to a wheelchair and is unable to walk or climb stairs.

9. Ms. Ashby has a child who has attended Loge Elementary School during prior school years, including the prior two school years.

10. During the 2014-2015 and 2015-2016 school years Ms. Ashby's child was in the school's choir.

11. The school's choir would perform periodically at the school for audiences made up primarily of family members.

12. For much of the fall of each school year the choir prepared to give a Christmas concert.

13. The concert was open to the public and was to be given to an audience, made up primarily of family members, and then would be given in a number of local nursing homes for residents.

14. The 2014 Christmas concert that was for the benefit primarily of family members, held in December of that year, did not take place at the school. Instead it took place at the Warrick County Museum.

15. Ms. Ashby and her family attempted to attend the 2014 Christmas program because her son was performing in it.

16. However, when the family arrived they discovered that the Museum was not accessible to persons in wheelchairs and persons with other mobility impairments. Specifically, there were stairs to get into the building and to climb once in the building and it was impossible for Ms. Ashby to climb the stairs.

17. This caused both her and her son an extreme amount of distress. Instead of watching her son with the other families who came to watch their children, she had to be taken home.

18. Following the concert, both she and her husband separately contacted the Principal of Loge Elementary School to register their concern and dismay that the school would hold the concert in a venue not accessible to persons with physical disabilities.

19. In the 2015-2016 school year her child remained in the choir.

20. The Christmas program for the Loge Elementary School choir was scheduled by the Warrick County School Corporation and its employees to be held at the Warrick County Museum in December of 2015.

21. When Ms. Ashby and her husband learned that the concert would again be at the Museum her husband contacted both the principal of Loge Elementary School and the choir teacher to inquire as to whether the Museum would be accessible to Ms. Ashby. He was assured that the Museum had been made accessible since the prior Christmas program that Loge Elementary School had conducted at the Museum.

22. Ms. Ashby and her family therefore went to the Museum in December of 2015 so that they could watch Ms. Ashby's son perform with the Loge Elementary School choir.

23. However, when they got to the Museum they discovered that nothing had changed from the prior year and the Museum remained completely inaccessible.

24. Ms. Ashby's son, who desperately wanted his mother to see him perform, broke down in tears.

25. Ms. Ashby, who also very much wanted to see her son perform, also broke down in tears.

26. Ms. Ashby was unable to enter the building.

27. Because there wasn't time for her husband to take her back home and return to see their son perform Ms. Ashby's husband dropped her off at a nearby Wal-Mart where she sat, crying, while her husband went back to the performance.

28. After this second exclusion Ms. Ashby contacted the Principal of Loge Elementary School who indicated that the schools' Christmas concert is not a school event and therefore, presumably, the venue where it was held by the Warrick County School Corporation and its employees did not have to be accessible.

29. Ms. Ashby then contacted the Superintendent of the Warrick County School Corporation who told her that there was nothing that the school could have done concerning the venue as the school had been invited to perform there and could not refuse.

30. The Warrick County School Corporation could have easily checked to ascertain whether the venue was accessible in 2015 and 2016 but failed to do so.

31. Warrick County School Corporation could have easily accommodated Ms. Ashby's disability by holding the Christmas program at a different venue that was accessible, but it failed to do so.

32. Ms. Ashby was otherwise qualified to participate as an audience member in the Christmas program put on by the Loge Elementary School's choir.

33. Ms. Ashby was excluded from the program solely because of her status as a person with a disability.

34. Warrick County School Corporation intentionally discriminated against Ms. Ashby because of her status as a person with a disability

35. Ms. Ashby has been damaged by the actions of the Warrick County School Corporation.

36. Warrick County School Corporation is a recipient of federal funding and is a public entity under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131.

**Jury trial request**

37. Plaintiff request a jury trial for all claims so triable.

**Legal claims**

38. The actions of Warrick County School Corporation in holding the Loge Elementary School's Christmas program in an inaccessible venue violated both the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 701, *et seq.*

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that defendant violated the Americans with Disabilities Act and the Rehabilitation Act for the reasons noted above.

3. Award plaintiff her damages after a trial by jury.

4. Award plaintiff her costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 794a(b) and 42 U.S.C. § 12133.

5.      Award all other proper relief.

                                                                                          _____  
                                                                                          Kenneth J. Falk  
                                                                                          No. 6777-49

                                                                                         _____  
                                                                                         Jan P. Mensz  
                                                                                         No. 33798-49  
                                                                                         ACLU of Indiana  
                                                                                         1031 E. Washington St.  
                                                                                         Indianapolis, IN 46202  
                                                                                         317/635-4059  
                                                                                         fax: 317/635-4105  
                                                                                         kfalk@aclu-in.org  
                                                                                         jmensz@aclu-in.org

                                                                                         Attorneys for Plaintiff

[6]